UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUSTIN TEEGARDEN and KATARZYNA TEEGARDEN, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,<br><br>Defendants. | CASE NO. C14-5731 BHS<br><br>ORDER GRANTING DEFENDANTS MERS AND BANK OF NEW YORK MELLON'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS |

This matter comes before the Court on Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Bank of New York Mellon's ("Bank") (collectively "Defendants") motion for partial judgment on the pleadings (Dkt. 11). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

ORDER - 1

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs Justin and Katarzyna Teegarden ("Teegardens") are the former owners of real property located in Vancouver, Washington ("Property"). Dkt. 1, Ex. 2 ("Comp.") ¶ 1.

On August 23, 2006, the Teegardens took out a $204,375 loan from non-party Harbourton Mortgage Investment Corporation. Comp., Ex. A ¶ 5. The loan was secured by a deed of trust on the Property. *Id.* The Teegardens agreed to make regular periodic payments on the loan, with the full amount due no later than September 1, 2036. *Id.* Sometime thereafter, the loan was sold to the Bank. Comp., Ex. B § I.

On August 1, 2008, the Teegardens defaulted on their loan. *Id.* ¶ III. On April 16, 2014, a notice of trustee's sale was recorded against the Property. *Id.* ¶ I. The notice included the following provision:

> Anyone having any objection to the sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the same pursuant to RCW 61.24.130. Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's Sale.

*Id.* § IX. The trustee's sale was scheduled for August 15, 2014. *Id.* ¶ I.

On or about August 14, 2014, the Teegardens sued various Defendants, including MERS and the Bank, in Clark County Superior Court. Dkt. 1. The Teegardens' complaint includes several claims to prevent or set aside the foreclosure sale of the Property. Comp. ¶¶ 25, 26, 28. The complaint also includes a claim for slander of title. *Id.* ¶ 27. In conjunction with their suit, the Teegardens recorded a notice of *lis pendens* against the Property. Comp., Ex. C.

On September 12, 2014, MERS removed the suit to this Court.  Dkt. 1.

On September 26, 2014, the Property was sold at a foreclosure sale.  Dkt. 12, Declaration of Abraham K. Lorber ("Lorber Dec."), Ex. A.[1]

On October 31, 2014, Defendants moved for partial judgment on the pleadings. Dkt. 11.  On November 24, 2014, the Teegardens responded.  Dkt. 13.  On November 28, 2014, Defendants replied.  Dkt. 15.

## II. DISCUSSION

Defendants move for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  Dkt. 11.  Defendants argue that the Teegardens' claims to set aside the foreclosure sale are barred by waiver and should be dismissed with prejudice. *Id.* at 4.  Defendants also contend that the Teegardens' slander of title claim fails as a matter of law and should be dismissed with prejudice.  *Id.*

**A.  Rule 12(c) Standard**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  *Hal Roach Studios, Inc. v. Richard Feiner & Co. Inc.*, 896 F.2d 1542, 1550 (9th

---

[1] Exhibit A is a true and correct copy of the trustee's deed, which was publicly recorded. Lorber Dec. ¶ 2.  The Court may take judicial notice of matters in the public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute.  *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

Cir. 1990). The standard applied on a Rule 12(c) motion is essentially the same as that applied on a Rule 12(b)(6) motion for failure to state a claim: "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Id.* The Court, however, is not required to accept as true mere legal conclusions unsupported by alleged facts. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When considering a motion for judgment on the pleadings, the Court may consider material which is properly submitted as part of the complaint without converting the motion into a motion for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The Court may also "take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (internal quotation marks omitted). Further, the Court may take judicial notice of matters in the public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute. *Intri-Plex Techs.*, 499 F.3d at 1052.

B.  **Defendants' Motion**

   1.  **Claims to Set Aside the Foreclosure**

Defendants argue that the Teegardens' claims to set aside the foreclosure sale are barred by waiver. Dkt. 11 at 5. In response, the Teegardens argue that they preserved their right to challenge the foreclosure by filing a notice of *lis pendens*. Dkt. 13 at 4. The Teegardens also contend that Defendants' right to enforce the deed of trust is barred by RCW 4.16.040's statute of limitations. *Id.* at 1–2.

The Washington Deed of Trust Act governs the procedures and requisites for nonjudicial foreclosure sales. *Vawter v. Quality Loan Serv. Corp.*, 707 F. Supp. 2d 1115, 1121 (W.D. Wash. 2010). "The sole method to contest and enjoin a foreclosure sale is to file an action to enjoin or restrain the sale in accordance with RCW 61.24.130." *CHD, Inc. v. Boyles*, 138 Wn. App. 131, 137 (2007). Under RCW 61.24.130, the Court may not grant an order restraining a foreclosure sale unless the individual seeking the order gives the trustee five days notice and deposits the requisite payments with the Court. RCW 61.24.130. An individual waives his right to challenge a foreclosure sale when he "(1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale." *Frizzell v. Murray*, 179 Wn.2d 301, 306–07 (2013).

In this case, the Teegardens waived their right to contest the foreclosure sale. The Teegardens received notice of the foreclosure sale and were advised of their right to enjoin the sale. *See* Comp., Ex. B § IX. The Teegardens also had actual knowledge of their defenses to the foreclosure prior to the sale. *See* Comp. Although the Teegardens'

complaint sought an injunction to prevent the sale, the Teegardens did not seek an order to restrain the sale in accordance with RCW 61.24.130. The Teegardens have therefore waived their right to contest the sale. *See Frizzell*, 179 Wn.2d at 308, 310.

The Teegardens nevertheless argue that they adequately preserved their right to challenge the foreclosure sale by filing a notice of *lis pendens*. Dkt. 13 at 4. This argument is unpersuasive. As discussed above, RCW 61.24.130 provides "the only means by which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale and foreclosure." *Plein v. Lackey*, 149 Wn.2d 214, 226 (2003); *see also Frizzell*, 179 Wn.2d at 310. Accordingly, filing a notice of *lis pendens* is insufficient to preserve a claim to set aside a foreclosure sale. *See CHD*, 138 Wn. App. at 138 ("[Plaintiff] employed inadequate methods to restrain the sale by filing its declaratory action and lis pendens.").

The Teegardens also argue that Defendants' right to enforce the deed of trust is barred by RCW 4.16.040's six-year statute of limitations. Dkt. 13 at 1–2. The Court need not address whether the statute of limitations has run in this case. The Teegardens' statute of limitations argument challenges the underlying obligations on the Property. *See id.*; *CHD*, 138 Wn. App. at 139. A party, however, "waives the right to contest the underlying obligations on the property in foreclosure proceedings when there is no attempt to employ the presale remedies under RCW 61.24.130." *In re Marriage of Kaseburg*, 126 Wn. App. 546, 558 (2005). The Teegardens failed to comply with RCW 61.24.130, and therefore waived their statute of limitations defense. *See CHD*, 138 Wn. App. at 136–39.

In sum, Defendants have established on the face of the pleadings that the Teegardens waived their right to contest the foreclosure sale. The Court grants Defendants' motion on this issue. The Teegardens' claims for injunctive relief, declaratory relief, and quiet title are dismissed with prejudice.

### 2. Claim for Slander of Title

Defendants also argue that the Teegardens fail to plead sufficient facts to support their claim for slander of title. Dkt. 11 at 6. The Teegardens do not address this argument in their response.

In Washington, a slander of title claim has five elements: "(1) false words; (2) maliciously published; (3) with reference to some pending sale or purchase of property; (4) which go to defeat plaintiff's title; and (5) result in plaintiff's pecuniary loss." *Rorvig v. Douglas*, 123 Wn.2d 854, 859 (1994). "Slander of title is only available where the defendant has interfered with the plaintiff's sale of the property." *Lapinski v. Bank of Am., N.A.*, C13–00925, 2014 WL 347274, at *5 (W.D. Wash. Jan. 30, 2014); *see also Pay'n Save Corp. v. Eads*, 53 Wn. App. 443, 448 (1989).

Here, the Teegardens fail to plead sufficient facts in their complaint to support their slander of title claim. The Teegardens do not allege that any false words were maliciously published by Defendants. The Teegardens also do not allege that they tried to sell the Property or that Defendants interfered with that sale. The Court therefore grants Defendants' motion on this issue. The Teegardens' claim for slander of title is dismissed with prejudice.

# III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion for partial judgment on the pleadings (Dkt. 11) is **GRANTED**. The Teegardens' claims for injunctive relief, declaratory relief, quiet title, and slander of title are **DISMISSED with prejudice**.

Dated this 17th day of December, 2014.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge